**IN THE COURT OF COMMON PLEAS**
**DELAWARE COUNTY, OHIO**

| | | |
|---|---|---|
| JESUS CASTILLO<br>9741 Reynosa Drive<br>New Port Richey, FL 34655,<br><br>Plaintiff,<br><br>v.<br><br>Amazon Web Services, Inc.<br>c/o Corporation Service Company<br>50 West Broad Street<br>Suite 1330<br>Columbus, Ohio 43215,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Castillo, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

**PARTIES AND VENUE**

1. Castillo is a resident of the city of New Port Richey, Pasco County, Florida.
2. At all times herein, Castillo was acting in the course and scope of his employment.
3. Amazon Web Services, Inc. ("Amazon") is a foreign corporation that does business at 6685 Crosby Ct, Plain City, OH 43064.
4. Amazon is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*
5. All of the material events alleged in this Complaint occurred in Delaware County, Ohio.
6. Personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and (4).
7. Venue is proper pursuant to Civ. R. 3(C)(6).

CLERK OF COURTS - DELAWARE COUNTY, OH - COMMON PLEAS COURT
The Employee's Attorney.
20 CV H 04 0180 -
FILED: 04/14/2020 03:50 PM



8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

**FACTS**

9. Castillo is a former employee of Amazon.

10. Castillo is and, at all times herein, was a member of the U.S. Army Reserve.

11. Castillo was the only member of the U.S. Army Reserve that worked for Defendant.

12. On or about December 5, 2016, Castillo began working for Defendant.

13. Amazon employed Castillo as a Network Capacity Build Technician.

14. In or around June 2018, Castillo was promoted to a new team. ("Promotion")

15. After Castillo's Promotion, in or about July 2018, Dan Brickner became his manager.

16. Brickner did not make the decision to hire Castillo.

17. Brickner did not make the decision to bring Castillo onto his team.

18. In or about August 2018, Castillo was required to report for U.S. Army Reserve duties ("Reserve Duty").

19. Castillo's Reserve Duty required him to miss four days of work.

20. Castillo informed Brickner of the Reserve Duty as soon as he learned that he would need to miss work. ("Request for Reserve Duty Leave")

21. After Castillo's Request for Reserve Duty Leave, Brickner told Castillo that he should not miss four days of work.

22. After Castillo's Request for Reserve Duty Leave, Brickner complained that Castillo was going to miss four days of work.

23. Before Castillo informed Brickner that he was a member of the U.S. Army Reserve, Brickner did not question Castillo's requests for personal leave.





24. After Castillo took leave for the Reserve Duty, Brickner became hostile toward Castillo ("Retaliatory Treatment").

25. Among the Retaliatory Treatment, Brickner began to challenge all of Castillo's requests for personal leave.

26. Brickner did not give the Retaliatory Treatment to Castillo's non-military coworkers.

27. Brickner did not give the Retaliatory Treatment to Castillo before his Reserve Duty.

28. The Retaliatory Treatment was because of Castillo's military status.

29. The Retaliatory Treatment was because Castillo took leave for military duty.

30. The Retaliatory Treatment was an adverse action.

31. After returning from Reserve Duty, Castillo's coworkers taunted Castillo and made jokes about his military status.

32. Castillo repeatedly asked his coworkers to stop harassing him about his military status.

33. Castillo's coworkers often commented to Castillo that a member of the military should be able to "put up" with taunting and jokes about his military status.

34. Castillo's coworkers often called him a "pussy" for repeatedly asking them to stop harassing him.

35. Castillo's coworkers often created cat memes to suggest that Castillo was a "pussy" for repeatedly asking them to stop harassing him.

36. Posted jokes in the "bullpen" and hear Castillo's cubicle inferring that Castillo survived combat but was unable to take jokes.

37. Herein, Paragraphs 31 through 36 are collectively referred to as the "Military Harassment."

38. The Military Harassment occurred nearly every day.

39. The Military Harassment continued for more than two years.





40. All, or nearly all, of Castillo's coworkers in his department engaged in the Military Harassment.
41. The Military Harassment was pervasive.
42. The Military Harassment occurred because of Castillo's military status.
43. In or about September 2018, Castillo complained times to his manager, Brickner, about the Military Harassment. ("First Complaint")
44. Castillo's First Complaint was in writing.
45. In or about November 2018, Castillo complained times to his manager, Brickner, about the Military Harassment. ("Second Complaint")
46. Castillo's Second Complaint was in writing.
47. On or about December 12, 2018, Castillo complained times to his manager, Brickner, about the Military Harassment. ("Third Complaint")
48. Castillo's Third Complaint was in writing.
49. On or about December 12, 2018, Castillo complained in to Amazon's human resources department ("HR") and Bricker about the Military Harassment. ("Fourth Complaint")
50. Castillo's Fourth Complaint was in writing.
51. Paragraphs 45 through 49 will collectively be referred to as "Military Harassment Complaints".
52. At all relevant times, Amazon knew about the Military Harassment.
53. Amazon took no action to stop the Military Harassment.
54. After Castillo's First Complaint, Castillo's coworkers mocked him for reporting the Military Harassment.
55. After Castillo's Second Complaint, Castillo's coworkers mocked him for reporting the Military Harassment.





56. After Castillo's Third Complaint, Castillo's coworkers mocked him for reporting the Military Harassment.
57. After Castillo's Fourth Complaint, Castillo's coworkers mocked him for reporting the Military Harassment.
58. Amazon has a policy against harassment ("Harassment Policy").
59. Amazon's Harassment Policy precludes retaliation against employees who complain about harassment.
60. Alternatively, retaliation against employees who complain about harassment is permitted by Amazon.
61. Amazon's Harassment Policy precludes intimidation against employees who complain about harassment.
62. Alternatively, intimidation against employees who complain about harassment is permitted by Amazon.
63. Amazon's Harassment Policy requires employees to report what they reasonably believe is a violation of the Harassment Policy.
64. Amazon's Harassment Policy precludes retaliation against employees who report a violation of the Harassment Policy.
65. Alternatively, retaliation against employees who report a violation of the Harassment Policy is permitted by Amazon.
66. Amazon's Harassment Policy precludes intimidation against employees who report a violation of the Harassment Policy.
67. Alternatively, intimidation against employees who report a violation of the Harassment Policy is permitted by Amazon.





68. Military Harassment violates the Harassment Policy.

69. Amazon has a policy to investigate reports of violations of its Harassment Policy.

70. An investigation should include interviewing the complainant.

71. An investigation should include interviewing the subject of the complaint.

72. An investigation should include interviewing the subject of the reported discrimination.

73. An investigation should include interviewing witnesses to the reported discrimination.

74. An investigation should include getting a written statement from the complainant.

75. An investigation should include getting a written statement from the subject of the complaint.

76. An investigation should include getting a written statement from the subject of the reported discrimination.

77. In response to Castillo's Military Harassment Complaints, Defendant did not interview Castillo.

78. In response to Castillo's Military Harassment Complaints, Defendant did not interview the harassers.

79. In response to Castillo's Military Harassment Complaints, Defendant did not interview witnesses.

80. In response to Castillo's Military Harassment Complaints, Defendant did not get a written statement from Castillo.

81. In response to Castillo's Military Harassment Complaints, Defendant did not get a written statement from the harassers.

82. In response to Castillo's Military Harassment Complaints, Defendant did not get a written statement from witnesses.

83. Defendant did not investigate Castillo's Military Harassment Complaints.





84. Defendant did not discipline any employees for the Military Harassment.

85. After Castillo's Military Harassment Complaints, the Military Harassment grew more frequent.

86. After Castillo's Military Harassment Complaints, the Military Harassment grew more severe.

87. On or about February 22, 2019, Amazon terminated Castillo's employment.

88. On or about February 22, 2019, Amazon terminated Castillo's employment because of his military status.

89. On or about February 22, 2019, Amazon terminated Castillo's employment because of his Military Harassment Complaints about Military Harassment.

90. On or about February 22, 2019, Amazon terminated Castillo's employment because Castillo took leave for military duty.

91. As a direct and proximate result of Defendant's conduct, Castillo suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT I: MILITARY STATUS DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

92. Castillo restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

93. Throughout his employment, Castillo was fully competent to perform his essential job duties.

94. Defendant treated Castillo differently than other similarly situated employees based on his military status.

95. Defendant violated R.C. § 4112.02(A) *et seq.*by discriminating against Castillo due to his military status.

96. On or about February 22, 2019, Amazon terminated Castillo without just cause.





97. At all times material herein, similarly situated non-military employees were not terminated without just cause.

98. Defendant terminated Castillo based on his military status.

99. Defendant violated R.C. § 4112.01 *et seq.* when it terminated Castillo based on his military status.

100. As a direct and proximate result of Defendant's conduct, Castillo has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT II: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

101. Castillo restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

102. Throughout his employment, Castillo was fully competent to perform his essential job duties.

103. After Castillo complained about the Military Harassment, his treatment at Amazon became worse.

104. Defendant did not investigate Castillo's First Complaint of Military Harassment.

105. Defendant did not investigate Castillo's Second Complaint of Military Harassment.

106. Defendant did not investigate Castillo's Third Complaint of Military Harassment.

107. Defendant did not investigate Castillo's Fourth Complaint of Military Harassment.

108. Defendant did not discipline any employees for the Military Harassment.

109. After Castillo's Military Harassment Complaints, the Military Harassment grew more frequent.

110. After Castillo Military Harassment Complaints, the Military Harassment grew more severe.

111. The Military Harassment grew more frequent because Castillo opposed unlawful discrimination.

112. The Military Harassment grew more severe because Castillo opposed unlawful discrimination.

113. After Castillo requested leave for his Reserve Duty, Defendant retaliated against him by challenging Castillo's requests for personal leave.

114. Defendant challenged Castillo's requests for personal leave because Castillo opposed unlawful discrimination.

115. After Castillo requested leave for his Reserve Duty, Defendant retaliated against him by challenging Castillo's requests for overtime hours.

116. Defendant challenged Castillo's requests for overtime hours because Castillo opposed unlawful discrimination.

117. Defendant terminated Castillo's employment because he opposed unlawful discrimination.

118. As a direct and proximate result of Defendant's conduct, Castillo has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Jesus Castillo respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendant to retroactively restore Plaintiff to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Castillo for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;







(d) An award of reasonable attorneys' fees and non-taxable costs for Castillo's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha M. Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
470 Olde Worthington Road, Suite 200
Westerville, Ohio 43082
Phone: (614) 410-6720
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Jesus Castillo*

**JURY DEMAND**

Plaintiff Jesus Castillo demands a trial by jury by the maximum number of jurors permitted.

*/s/ Paul Filippelli*_______
Trisha Breedlove (0095852)
Paul Filippelli (0097085)





**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, OHIO**

**CLASSIFICATION FORM**

CASE NO. ____________________

PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS:

**CIVIL**

| | | | |
|---|---|---|---|
| ( ) | Professional Tort | - | A |
| ( ) | Product Liability | - | B |
| ( ) | Other Torts | - | C |
| ( ) | Workers Compensation | - | D |
| ( ) | Foreclosure | - | E |
| ( ) | Administrative Appeal | - | F |
| ( ) | Complex Litigation * | - | G |
| (✓) | Other Civil | - | H |

*** Complex Litigation designation**
**Requires judicial approval. Sup. R. 42**

PLEASE PRINT OR TYPE THE INFORMATION REQUESTED BELOW

DATE: 04/14/2020

TRIAL ATTORNEY: Trisha Breedlove

Ohio Supreme Court
Registration No.: 0095852

Address: The Spitz Law Firm
470 Olde Worthington Rd
Ste. 200
Westerville, OH 43082

Telephone: (614) 410-6720

Fax Number: (216) 291-4744

Email Address: trisha.breedlove@spitzlawfirm.com

CLERK OF COURTS - DELAWARE COUNTY, OH - COMMON PLEAS COURT
20 CV H 04 0180 -
FILED: 04/14/2020 03:50 PM

# IN THE COURT OF COMMON PLEAS

# DELAWARE COUNTY, OHIO

## INSTRUCTIONS FOR SERVICE

Jesus Castillo________________________

PLAINTIFF(S)
Vs.

________________________
CASE NO.

Amazon Web Services, Inc.________________________

DEFENDANT(S)

**TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:**

CERTIFIED MAIL SERVICE_X__ ORDINARY MAIL SERVICE___

PERSONAL SERVICE BY THE SHERIFF OF ________________ COUNTY

RESIDENCE SERVICE BY THE SHERIFF OF ________________ COUNTY

PERSONAL SERVICE BY PROCESS SERVER________________________

RESIDENCE SERVICE BY PROCESS SERVER________________________

**OF THE FOLLOWING DOCUMENTS:** ________________________

**UPON:**

| | |
|---|---|
| Amazon Web Services, Inc. | |
| (NAME #1) | (NAME #2) |
| C/O Corporation Service Company | |
| (ADDRESS) | (ADDRESS) |
| 50 West Broad Street | |
| Columbus, OH 43215 | |
| (CITY-STATE-ZIP CODE) | (CITY-STATE-ZIP CODE) |
| | |
| (NAME #3) | (NAME #4) |
| (ADDRESS) | (ADDRESS) |
| | |
| (CITY-STATE-ZIP CODE) | (CITY-STATE-ZIP CODE) |

________________________ ________________________

**Attorney Name and Supreme Court I.D. No.** **Address, City, State, Zip Code**

________________________

**Phone Number**

CLERK OF COURTS - DELAWARE COUNTY, OH - COMMON PLEAS COURT
20 CV H 04 0180 -
FILED: 04/14/2020 03:50 PM

**IN THE COURT OF COMMON PLEAS DELAWARE COUNTY, OHIO**

# SUMMONS

Case Number: **20 CV H 04 0180**

| **Plaintiff(s):** | | **Defendant(s):** |
|---|---|---|
| JESUS CASTILLO | VS | AMAZON WEB SERVICES INC |
| 9741 REYNOSA DRIVE | | C/O CORPORATION SERVICE COMPANY |
| NEW PORT RICHEY, FL 34655 | | 50 WEST BROAD STREET |
| | | SUITE 1330 |
| | | COLUMBUS, OH 43215 |

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they have/has no attorney of record, a copy of your answer to the complaint within twenty-eight (28) days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

The name and address of the plaintiff(s) attorney is as follows:

TRISHA BREEDLOVE
470 OLD WORTHINGTON RD
WESTERVILLE, OH 43082

COPY

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Date: April 14, 2020

Certified Article Number
9414 7266 9904 2164 1270 00
SENDER'S RECORD

Natalie Fravel
Delaware County Clerk of Courts
117 North Union Street
Delaware, OH 43015

Deputy Clerk

Return Receipt (Form 3811) Barcode

9590 9266 9904 2164 1270 03

. Article Addressed to:

AMAZON WEB SERVICES INC
C/O CORPORATION SERVICE COMPANY
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215

20 CV H 04 0180

. Certified Mail (Form 3800) Article Number

9414 7266 9904 2164 1270 00

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

RECEIVED

D. Is delivery address different from item 1? ☐ Yes

If YES, enter delivery address below: ☐ No

Corporation Service Company

APR 16 2020

By

Deanna E. Schausel

3. Service Type

☒ Certified Mail

☐ Certified Mail Restricted Delivery

2020 APR 23 AM 9:08

Reference Information

COMMON PLEAS COURT
DELAWARE COUNTY, OHIO

9414 7266 9904 2164 1270 00

DELAWARE COUNTY COMMON PLEA




First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service®

● Sender: Please print your name, address and ZIP+4® below ●

CLERK OF COURTS COMMON PLEAS
DELAWARE COUNTY COURTHOUSE
117 N UNION STREET LEVEL 300
DELAWARE OH 43015

# 20 CV H 04 0180 CASTILLO, JESUS vs. AMAZON WEB SERVICES INC JPS

- Case Type:
- (CV) CIVIL COMMON PLEAS
- Case Status:
- Open
- File Date:
- 04/14/2020
- DCM Track:
-
- Action:
- OTHER CIVIL
- Status Date:
- 04/14/2020
- Case Judge:
- SCHUCK, JAMES P.
- Next Event:
-

All Information | Party | Docket | Financial | Receipt

## Docket Information

| Date | Description | Docket Text | Amount Owed | Amount Due | Image Avail. |
|---|---|---|---|---|---|
| 04/14/2020 | CIVIL / DEPOSIT | CIVIL / DEPOSIT Receipt: 272096 Date: 04/14/2020 | $148.00 | $0.00 | |
| 04/14/2020 | CIVIL FILING FEES | CIVIL FILING FEES Receipt: 272096 Date: 04/14/2020 | $62.00 | $0.00 | |
| 04/14/2020 | COMPLAINT | COMPLAINT | $25.00 | $25.00 | Image |
| 04/14/2020 | CLASSIFICATION | CLASSIFICATION | | | Image |
| 04/14/2020 | INSTRUCTIONS FOR SERVICE | INSTRUCTIONS FOR SERVICE | | | Image |
| 04/14/2020 | COPIES OF E-FILING CHARGED TO CASE | COPIES OF E-FILING CHARGED TO CASE | $1.20 | $1.20 | |
| 04/14/2020 | COPIES MADE & CHARGED TO CASE | COPIES MADE & CHARGED TO CASE | $1.00 | $1.00 | |
| 04/14/2020 | SUMMONS & CTF COPY OF COMPLAINT TO | SUMMONS & CTF COPY OF COMPLAINT TO | $3.00 | $3.00 | Image |
| 04/14/2020 | CERTIFIED MAIL | Issue Date: 04/14/2020<br>Service: INITIAL SERVICE ON COMPLAINT<br>Method: CIVIL CERTIFIED MAIL<br>Cost Per: $<br><br>AMAZON WEB SERVICES INC<br>C/O CORPORATION SERVICE COMPANY<br>50 WEST BROAD STREET<br>SUITE 1330<br>COLUMBUS, OH 43215<br>Tracking No: 9414726699042164127000 | | | |
| 04/14/2020 | CERTIFIED MAIL POSTAGE | CERTIFIED MAIL POSTAGE | $9.00 | $9.00 | |

| Date | Description | Docket Text | Amount Owed | Amount Due | Image Avail. |
|---|---|---|---|---|---|
| 04/23/2020 | RETURN CERTIFIED MAIL UPON: | RETURN CERTIFIED MAIL UPON:<br>Method : CIVIL CERTIFIED MAIL<br>Issued : 04/14/2020<br>Service : INITIAL SERVICE ON COMPLAINT<br>Served : 04/16/2020<br>Return : 04/23/2020<br>On : AMAZON WEB SERVICES INC<br>Signed By : DEANNE SCHAUSELL<br><br>Reason : CERT MAIL / SERVICE COMPLETE<br>Comment :<br><br>Tracking #: 9414726699042164127000 | $0.00 | $0.00 | Image |